UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK A. OSBORN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Cause No. 1:12 -CR-<br>)<br>) |

1:12-cr-0116 WTL-DML

INDICTMENT

The Grand Jury charges that:

Background

1. An "identification document" includes a document made or issued by or under the authority of the United States government which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals.

2. A "false identification document" includes a document of a type intended or commonly accepted for the purpose of identification of individuals that appears to be issued by or under the authority of the United States government.

## COUNT 1

(Unlawful Possession of an Identification Document)

In or around November 1, 2011, in Marion County, within the Southern District of Indiana,

## MARK A. OSBORN,

the defendant herein, did knowingly possess an identification document or authentication feature that is or appears to be an identification document or authentication feature of the United States, specifically, to wit: a fraudulent diplomatic identification card with the following features:

- a. an approximately three by four inch laminated identification card;
- b. containing a color photograph of the bearer of the identification card in the lower right-hand corner;
- c. containing an apostille number, which was based on an uniquely numbered apostille obtained from the Secretary of State of Indiana;
- d. bearing the seal of the United States Department of State;
- e. containing the words "United States of America" at the top of the card; and
- f. identifying the bearer of the card as an "Diplomatic Agent Ambassador."

purporting to be diplomatic credentials issued by or under the authority of the United States

All in violation of Title 18, United States Code, Sections 1028(a)(6) & (b)(1)(A).

## FORFEITURE

1.  The foregoing allegations of criminal activity in violation of Title 18, United States Code, Section 1028 are realleged as if fully set forth here, for the purpose of giving the defendant notice of the United States's intent to seek forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2)(B).

2.  Pursuant to Federal Rule of Criminal Procedure 32.2, if convicted of the offense set forth in the Indictment, defendant MARK A. OSBORN shall forfeit to the United States:

    a.  any property constituting or derived from any proceeds the defendant obtained, directly or indirectly, as the result of the offense; or
    b.  in lieu of property constituting or derived from proceeds of the offense, a sum of money equal to the total amount of the proceeds the defendant obtained as the result of the offense (money judgment of forfeiture); and

    c.  any of the defendant's property used, or intended to be used, in any manner or part, to commit, facilitate, aid, or abet the commission of the offense.

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs 2(a), (b) and (c), if, by any act or omission of the defendant, the property described in paragraph 2, or any portion thereof:

    a.  cannot be located upon the exercise of due diligence;
    b.  has been transferred or sold to, or deposited with, a third party;
    c.  has been placed beyond the jurisdiction of the court;
    d.  has been substantially diminished in value; or
    e.  has been commingled with other property which cannot be divided without difficulty.

In keeping with the foregoing, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of all forfeitable property as described above in Paragraph 2.

A TRUE BILL:

_____
FOREPERSON

JOSEPH H. HOGSETT
United States Attorney

by:   _____
Doris L. Pryor
Assistant United States Attorney