UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Cause No. 1:12-cr-0116-WTL-DML |
| ) | |
| MARK A. OSBORN, ) | |
| ) | |
| Defendant. ) | |

**REQUEST OF THE UNITED STATES FOR THE COURT
TO REVIEW THE DEFENDANT'S *PRO SE* REQUEST**

The United States of America, by counsel, Joseph H. Hogsett, United States Attorney for the Southern District of Indiana, and by Doris Pryor, Assistant United States Attorney, respectfully requests the Court to conduct a hearing to determine whether the defendant should be allowed to represent himself. In support of this request, the United States would show as follows:

The United States Supreme Court has long recognized that the Constitution and statutory law guarantees a defendant in a criminal prosecution the right to assistance of counsel.[1]  *U.S. Const. Amend. VI; 28 U.S.C. 1654*.  Implicit in this constitutional guarantee is the right to represent oneself in a criminal prosecution.

---

[1] In relevant part, the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense."

1

*Faretta v. California*, 422 U.S. 806 (1975).  In *Faretta*, the Court reasoned that:

> "To force a lawyer on a defendant can only lead him to believe that the law contrives against him. ... The right to defend is personal.  The defendant, not his lawyer or the [government] will bear the personal consequences of a conviction.  It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage."

*Id.*, at 834.  The court held, however, that the right to self representation must be made knowingly and intelligently and must be clear and unequivocal.  *Id.*, at 835.

*Faretta* and its progeny make it clear that there must be a clear and unequivocal request to proceed *pro se* in order to relinquish the "traditional benefits associated with the right to counsel".  *Faretta*, 422 U.S. at 835.  A defendant must clearly inform the court that he wishes to represent himself because assistance of "counsel is the normal and prudent choice".  *Cain v. Peters*, 972 F.2d 748, 750 (7th Cir. 1992).  Where the record is unclear as to the defendant's choice for self-representation, appointment of counsel is "the default outcome".  *Id.*

As the Seventh Circuit opined in *United States v. Sandles*, 23 F.3d 1121, 1125-26 (7th Cir. 1994):

> Because of the importance of the right to counsel in our constitutional scheme, we do not lightly conclude that a defendant has waived his right to counsel. *United States v. Belanger*, 936 F.2d 916, 919 (7th Cir.1991). Accordingly, we will "indulg[e] every reasonable presumption against the waiver." *Id.* (citing *Wilks v. Israel*, 627 F.2d 32, 35 (7th Cir.1980). Nevertheless, the right to counsel is not without limits, *Robinson v. United States*, 897 F.2d 903, 908 (7th Cir.1990), and an apparent waiver will be upheld where it was knowing and intelligent.

> Thus, this court must conduct a thorough and formal inquiry in order to

ensure a knowing and intelligent waiver of counse. Such a hearing "cannot be cursory or by-the-way in nature." *Belanger*, 936 F.2d at 918 (citing *United States v. Moya–Gomez,* 860 F.2d 706, 733 (7th Cir.1988)). There must be "a formal inquiry in which the defendant is informed fully of the risks of proceeding pro se and explicitly advised against self-representation." *Id*. at 733. Specifically, a trial court should engage in

> a thorough and extensive inquiry of [a defendant] by asking [him] his age and degree of education; informing him of the crimes with which he was charged and the maximum possible sentences; determining that [he] underst[ands] the nature of the charges; ascertaining that he ha[s] copies of the Federal Rules of Evidence and the Federal Rules of Civil Procedure and instructing him to read them and to abide by them, whether read or not; and telling [him] that he would be expected to conduct himself in accordance with those rules.

*United States v. Berkowitz*, 927 F.2d 1376, 1383 (7th Cir. 1991) (quoting *United States v. Mitchell*, 788 F.2d 1232, 1236 n. 3 (7th Cir.1986)); *see* Benchbook for U.S. District Judges § 1.02(C) (5th ed. 2007) (list of questions to be asked of defendant's seeking self-representation).

The right to self representation, however, is not without limits. For those defendants who deliberately disrupt the court's proceedings, the "trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Faretta*, 422 U.S. at 834 n. 46. "The right to self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Id.* When confronted with a seriously obstructionist defendant, the court may properly

revoke the *pro se* status, and require standby counsel to represent the defendant. *Id.*; *Illinois v. Allen*, 397 U.S. 337 (1970) (no violation of Confrontation Clause to remove *pro se* defendant from courtroom based on disruptive conduct and require standby counsel to take over).

WHEREFORE, based upon the foregoing, the United States respectfully requests that the Court engage in a colloquy with the defendant as outlined above regarding the risks of self-representation to ensure that there is a knowing and voluntary waiver of the constitutional right to counsel.

Respectfully Submitted,

JOSEPH H. HOGSETT
United States Attorney
Southern District of Indiana


By:  s/ Doris Pryor
     Doris Pryor
     Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 18, 2012, a copy of the foregoing MOTION FOR TEMPORARY CUSTODY was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

    Michael J. Donahoe
    Attorney at Law
    mike.donahoe@fd.org

    By:    <u>s/Doris L. Pryor</u>
           Doris L. Pryor
           Assistant United States Attorney
           United States Attorney's Office
           10 W. Market St., Suite 2100
           Indianapolis, IN  46204
           Phone:  (317) 226-6333
           Fax:  (317) 226-6125
           E-mail: Doris.Pryor@usdoj.gov